UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA

**DECISION AND ORDER**
09-CR-331A

v.

HECTOR RODRIGUEZ,

                Defendant.

───────────────────────────────

**I.    INTRODUCTION**

      Pending before the Court is a second motion (Dkt. No. 371) by defendant Hector Rodriguez for release from pretrial custody.  Defendant seeks release for several reasons.  Defendant asserts that state charges pending when he was first detained have been dismissed, warranting reconsideration of his detention under these changed circumstances.  Defendant claims that the Government previously requested an extension of time to file a response to pretrial motions, meaning that it has contributed to the length of his detention.  Finally, defendant notes his desire for severance and an immediate trial, to spare him from further pretrial detention that would occur through no fault of his own.  The Government opposes pretrial release given the nature of the pending charges, defendant's prior history of bail and parole violations, and prior findings in favor of detention that still apply despite claims of changed circumstances.  The United States Probation Office ("USPO") has recommended continued detention.

The Court held oral argument on February 2, 2012.  For the reasons below, the Court denies defendant's motion.

## II.   BACKGROUND

This case concerns allegations that defendant was a member of and a drug dealer for a violent gang in the West Side of Buffalo known as the 10th Street Gang.  The Government named defendant in five counts in the third superseding indictment filed on April 28, 2011.[1]  In Count One, the Government charged defendant with racketeering conspiracy in violation of 18 U.S.C. § 1962(d).  In Count Two, the Government charged defendant with racketeering in violation of 18 U.S.C. § 1962(c).  In Count 43, the Government charged defendant with possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  In Count 56, the Government charged defendant with narcotics conspiracy in violation of 21 U.S.C. § 846.  In Count 57, the Government charged defendant with firearm possession in furtherance of a drug crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2.  The Court arraigned defendant on the third superseding indictment on May 24, 2011.  Defendant filed the pending motion for release on December 13, 2011.

Defendant has had two reviews of his custody status prior to filing the pending motion.  When defendant originally faced charges under an earlier

---

[1] The Government filed a fourth superseding indictment on February 2, 2012.  This defendant's charges, however, are identical across the two indictments.

version of this case (Case No. 10-CR-189), Magistrate Judge H. Kenneth Schroeder, Jr. held a detention hearing on August 24, 2010 and issued a detention order on August 26, 2010.  (Case No. 10-CR-189, Dkt. No. 12.)  In that detention order, Magistrate Judge Schroeder ordered defendant detained given multiple factors, including the nature of the allegations against him and his history of violating conditions of bail or parole.  In this case, defendant filed a motion to modify conditions of release on June 13, 2011.  (Dkt. No. 251.)  This Court held oral argument for that motion on July 6, 2011; by text order that same day (Dkt. No. 265), the Court found that defendant's circumstances had not changed enough to warrant modification of Magistrate Judge Schroeder's detention order.

Defendants now seeks a third review of his custody status to the pending motion.  In support of his motion, defendant notes that state court charges pending at the time of his initial bail review have been dismissed, opening the door to reasonable conditions of release.  Defendant next asserts that he has undergone an unusually long period of detention for reasons not of his making, including requests for extensions by the Government and other defendants, as well as superseding indictments.  The length of his detention is why defendant included a request for severance and an immediate trial in the omnibus pretrial motions that he filed on November 10, 2011.  (Dkt. No. 359.)[2]  The Government

---

[2] Since defendant filed this motion, the Court terminated all motions pending before the fourth superseding indictment and directed all parties to file fresh motion papers that account for any changes in charges that appear in the

3

opposes the pending motion by noting that the basic nature and circumstances of the offenses charged have not changed since Magistrate Judge Schroeder's detention order. The Government notes further that defendant went back to selling drugs every time he was released on bail or placed on parole in the past. The Government infers from this history that defendant simply cannot be supervised. The USPO has cited to this history among the reasons why it has recommended continued detention. Finally, the Government cites three extensions that defendant requested and received for additional time to file pretrial motions. (Dkt. Nos. 164, 214, 313.) The Government cites these extensions to argue that defendant himself has contributed at least in part to the delays that have occurred, and that any delay should not be attributed solely to it.

### III.   DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense

---

fourth superseding indictment. (*See* Minute Entry 2/28/2012.)

charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  *See* 18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking pre-trial detention.  First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight.  Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted).  "To order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence.  The rules of evidence do not apply in a detention hearing.  Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Once the Court has issued a detention order in the manner set forth above, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and

the community." 18 U.S.C. § 3142(f)(2). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened. *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, defendant has not presented any new information that has a directly material bearing on whether defendant still poses a danger or flight risk. Compared to the time of Magistrate Judge Schroeder's detention order, defendant still faces serious charges of conduct in furtherance of a long-term, gang-related drug operation. If anything, the charges have intensified since then. These charges are serious in themselves but also trigger the rebuttable presumption in favor of detention set forth in 18 U.S.C. § 3142(e). The weight of the evidence against defendant is heavy, as the Government has proffered explicit confirmation of defendant's involvement in gun possession and drug sales in furtherance of an ongoing criminal enterprise. *Cf., e.g., U.S. v. Dillard*, 214 F.3d 88, 93 (2d Cir. 2000) (finding that "firearms are conventionally regarded as essential equipment of criminals engaged in violent crime"). Defendant has family ties to the area, but those ties are offset by both his criminal history from

prior cases as well as the evidence against him in this case. *Cf. U.S. v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) (holding that defendant's "showing of strong community ties, a substantial bond, or electronic monitoring" failed to rebut "the presumption of dangerousness" in that case). Defendant still has not explained why he would be amenable to supervision now when he has violated terms of supervision multiple times in the past. Under these circumstances, the Court is content to leave defendant's custody status as is.

The Court will comment only briefly about the length of defendant's detention. Length of detention by itself does not constitute a dispositive factor under the bail statute. *See U.S. v. Millan*, 4 F.3d 1038, 1044 (2d Cir. 1993) ("Length of detention will rarely by itself offend due process. This court has upheld projected pretrial detention periods of up to thirty-two months.") (internal quotation marks and citations omitted); *accord U.S. v. Beutler*, No. 09-CR-96, 2011 WL 3321374, at *1 (W.D.N.Y. Aug. 2, 2011) (McCarthy, *M.J.*) ("[Defendant's] approximately 26 months of pretrial detention, standing alone, does not violate due process.") (citing *Millan*). Defendant's detention in this case now stands at over 24 months, partly because of the Government's conduct in adding charges and defendants and partly because of his own requests for extensions of time when filing pretrial motions. At present, the Court has in place a new schedule that requires all defendants to file motions by July 16, 2012, that requires the Government to respond by August 30, 2012, and that sets oral argument for September 19, 2012. If this schedule changes in the months ahead

for any reason attributable to the Government then the time may come to undertake a deeper due-process analysis and to require the Government to set forth a plan for a timely resolution of the case. The Court finds, however, that present circumstances do not warrant that analysis quite yet. Meanwhile, this Court will defer to the District Judge as to the propriety of severance for this defendant or any others.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's second motion for release (Dkt. No. 371). Defendant shall remain in custody pending trial.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, defendant shall be afforded reasonable opportunity for private consultation with counsel. Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

SO ORDERED.

_/s Hugh B. Scott_
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: April 12, 2012