UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    v.                                                **ORDER**
                                                        09-CR-331-A

MATTHEW DEYNES,

        Defendant.

---

The defendant, Matthew Deynes, has filed a motion pursuant to 18 U.S.C. § 3142(f)(2) for reconsideration of a Decision and Order of Magistrate Judge Hugh B. Scott, entered on February 28, 2011, that denied defendant Deynes release from pretrial detention. (Dkt. No. 190). Defendant is charged in a Fourth Superseding Indictment with racketeering conspiracy (Count 1), drug conspiracy (Count 62), and possession of firearms in furtherance of drug trafficking (Count 63). The Court assumes familiarity with the prior proceedings in this case.

As an threshold matter, the United States argues defendant Deynes alleges no changed circumstances sufficient to justify re-opening the detention hearing under § 3142(f)(2). However, the Court finds that the passage of an additional three years during which defendant has been in pretrial detention, and the availability of property to be posted as security valued by defense counsel at oral argument at approximately $50,000 more than was previously available to secure defendant's pretrial release, are circumstances obviously sufficient under 18 U.S.C. § 3142(f) to justify re-opening the detention hearing.

Based upon consideration of all of the factors in 18 U.S.C. § 3142(g) and the evidence proffered by the United States and defendant Deynes, the Court finds there are strong reasons to conclude that defendant committed the very serious offenses charged in Counts 1, 62, and 63 in the Fourth Superseding Indictment. The circumstances and characteristics of those offenses, together with the history and characteristics of defendant, strongly support the conclusion that defendant has not met his burden to overcome the presumptions of dangerousness and serious risk of flight that arise under 18 U.S.C. § 3142(e)(2), and the proffered evidence supporting those presumptions.[1] The Court also specifically finds that no available condition or combination of conditions will adequately protect the safety of the community.

The Court has carefully considered that defendant Deynes' continuing pretrial detention since February 9, 2010 raises serious questions under the Due Process Clause about the propriety of his continuing detention without trial. *See* U.S. Const. amend. V. When the duration of a defendant's pretrial detention becomes so prolonged that it amounts to punishment that does not serve purposes of flight prevention or community protection, the pretrial detention violates due process. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *United States v. Salerno*, 481 U.S. 739, 747-49 (1987); *United States v. Millan*, 4 F.3d 1038, 1043 (2d Cir. 1993).

---

[1] The Court is not considering an unsupported allegation by the United States that defendant was involved during his pretrial detention in secreting an assault weapon. The United States declined to proffer facts in support of the allegation in a sealed filing.

Upon such violation, a defendant will be released on conditions, ordered to trial, or both.

There is generally a three-part test for determining when an otherwise legitimate pretrial detention becomes too long to be tolerated under the Due Process Clause: (1) the length of delay; (2) the extent to which the prosecution is responsible for delay of the start of the trial; and (3) "the strength of the evidence upon which the detention was based." *United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993). The question whether the pretrial detention of defendant Deynes violates due process turns on whether the above-listed factors establish that the duration of his detention is excessive in relation to the non-punitive purposes served by the detention. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).

After lengthy and involved pretrial proceedings in this complex case concerning an 11-year span of alleged racketeering involving four murders, 12 attempted murders, numerous assaults, and extensive drug trafficking, defendant Deynes is scheduled for jury selection and trial on March 25, 2014. Because the defendant's pretrial detention continues to be necessary to protect the community from additional crimes and to prevent the defendant from fleeing to avoid conviction, a sentence to a mandatory-minimum term of 10 years imprisonment, up to a sentence of life imprisonment, and because his trial will begin March 25, 2014, it does not, at this time, violate due process.

During oral argument, the parties acknowledged that defendant Deynes'

transfer to pretrial detention in a facility approximately 70 miles from the Courthouse in Mayville, New York, is impeding his trial preparation.  Counsel for the United States undertook to attempt to assist defense counsel to make arrangements to mitigate the problems attendant the distance defense counsel has to travel to prepare for trial with defendant.  The parties shall appear for a status conference on Friday, February 21, 2014 at 10:00 a.m. to report on the status of the parties' efforts to mitigate problems attendant the distance defense counsel has to travel to prepare for trial with defendant.

## CONCLUSION

For all of the foregoing reasons, the motion of defendant Matthew Deynes for reconsideration pursuant to 18 U.S.C. § 3142(f)(2) of his pretrial detention is denied.  The defendant is a danger to the community and a risk of flight for which no available conditions or combination of conditions of release will adequately protect the community and assure his appearances in court as required.  Although the continuing 48-month pretrial detention of defendant is very long, it does not violate due process in the unique circumstances of this case.  The parties shall appear for a status conference February 21, 2014, at 9:00 a.m.

SO ORDERED.

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated: February 18, 2014